In re HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors,

HILLSBOROUGH HOLDINGS CORPORATION, et al., Plaintiffs,

v.

The CELOTEX CORPORATION, et al., Defendants.

Bankruptcy Nos. 89–9715–8P1 to 89–9746–8P1.
Adv. Nos. 90–0003, 90–0004.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 8, 1992.

Don Stichter, Tampa, Fla. and Michael Crames, New York City, for debtors/plaintiffs.

Marsha Griffin Rydberg, Tampa, Fla. and Elihu Inselbuch, New York City, for defendants.

ORDER ON MOTION FOR AN ORDER REOPENING THE RECORD TO MAKE ADDITIONAL FINDINGS OF FACT AND TO AMEND THE ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE non-consolidated Chapter 11 cases involving Hillsborough Holdings Corporation (now known as Walter Industries) and its 32 wholly-owned subsidiaries collectively referred to as Debtors. The matter under consideration is a Motion for an Order Reopening the Record to Make Additional Findings of Fact and to Amend the Order on Motion for Summary Judgment. In order to put the Motion in an easily understandable context a brief recap of the procedural history of this adversary proceeding should be helpful.

On January 2, 1990, the Debtors instituted this adversary proceeding by filing a two Count Complaint naming, inter alia, Celotex Corporation (Celotex) and numerous other defendants collectively referred to as Asbestos Claimants. In Count I, the Debtors sought declaratory relief, specifically an order declaring that the Asbestos Claimants are not entitled to pierce the corporate veil of Celotex and in turn hold Jim Walter Corporation (JWC), a non-debtor, the predecessor of Hillsborough Holdings Corporation and the former parent of the 32 wholly-owned subsidiaries involved in these Chapter 11 cases, liable to the claims of the Asbestos Claimants asserted against Celotex.

In Count II, the Debtors sought a declaration that the leveraged buy out (LBO) which transferred the ownership of all subsidiaries from JWC to HHC, a newly-created entity which ultimately became the parent of all subsidiaries of JWC except Celotex, cannot be set aside as a fraudulent transfer.

The parties promptly embarked on extensive discovery when Celotex filed its own Chapter 11 case, which, of course, immediately brought any further action vis-a-vis Celotex to a screeching halt by virtue of the imposition of the automatic stay pursuant to § 362(a) of the Bankruptcy Code. The Debtors, having been confident that they will prevail on the veil piercing issue as a matter of law based on the undisputed facts, sought and obtained a modification of the automatic stay from the Celotex Court for the limited purpose of filing a Motion for Summary Judgment related to the veil piercing issue.

In due course, the Debtors filed their Motion which was heard, argued, and briefed extensively. On August 26, 1992, this Court issued its Memorandum Opinion and denied the Motion. In its Order, this Court did find several facts to be without dispute but denied the Motion because this Court was satisfied that the inference which might be drawn from these undisputed facts would not permit the resolution of the issue in favor of the Debtors as a matter of law by a summary judgment. In its opinion, this Court specifically pointed out areas which required the full treatment by trial relating to the veil piercing issue only. These were: 1) the precise manner of the operation of the cash management system; 2) the record-keeping of the intercorporate transactions between JWC and its subsidiaries, specifically with Celotex; and most importantly, 3) the extent of the control exercised by JWC over the affairs of Celotex, especially the extent of JWC's involvement in the decision-making process of the divestiture program of Celotex.

Specifically, this Court held that it is important to determine, and therefore, it is necessary to receive evidence on the issue of whether or not the sales by Celotex of its divisions were done for legitimate business purposes or whether they were done

solely for the purpose of denuding Celotex of assets in order to keep those assets out of the reach of the Asbestos Claimants and to funnel the proceeds of these sales to JWC. In addition, this Court also found that it is essential to the resolution of the veil piercing issue to resolve whether or not the transfer of funds derived from the divestiture of Celotex's assets and those made in connection with the cash management system were, in fact, repayment of bona fide loans, loans which were properly documented, or nothing more than a return of equity to JWC.

The present Motion filed by the Debtors is based on F.R.B.P. 7052(b) and 7056(d). In their Motion, the Debtors seek an Order: 1) finding that the facts recited in the August 26 Order on pages 5 through 13 are without dispute, and 2) reopening the record to take additional evidence pursuant to F.R.B.P. 9017 and Fed.R.Civ.Pro. 43(e). This part of the Motion is based on the proposition that additional evidence would enable this Court to make additional findings and amend the August 26 Order and grant the Debtors' Motion for Summary Judgment.

■ Concerning the Motion in which the Debtors seek an order finding that the facts set forth on pages 5 through 13 are without dispute, this Court is satisfied that to state additional findings is not warranted and it is clearly unneeded and not necessary. This is so because to the extent the facts recited on those pages were facts, as distinguished from contentions, this Court has already determined that those facts are indeed without dispute. It is equally true, however, that there might very well be other facts which are relevant to the issue of piercing the corporate veil of Celotex, for instance, facts tending to show (1) whether or not the disposition of assets of Celotex was based on a valid economic basis and fully justified by the prevailing market conditions and, (2) whether or not the utilization of the proceeds in fact was not repayment of valid obligations and resulted in rendering Celotex insolvent and without sufficient assets to respond to the claims of the Asbestos Claimants. For the

reasons stated, this Court is satisfied that there is no valid reason to amend the order concerning the facts that have already been found to be without dispute which are recited on pages 5 to 13 of the August 26, 1992 Order.

■ This leaves for consideration the Motion to the extent it is based on Fed.R.Civ.Pro. 43(e). This Rule in relevant part provides as follows:

Rule 43. Taking of Testimony

(e) evidence on Motions. when a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.

This Court is not oblivious to the authorities that indicate that it is appropriate to receive testimony in conjunction with the Motion For Summary Judgment pursuant to Fed.R.Civ.Pro. 43(e). *Argus, Inc. v. Eastman Kodak Co.,* 612 F.Supp. 904, 908 (S.D.N.Y.1985) *aff'd,* 801 F.2d 38 (2d Cir. 1986), *cert. denied,* 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987). However, the difficulty with the proposition urged by the Debtors is evident when one considers the plain language of the Rule itself. It appears at first blush that Fed.R.Civ.Pro. 43 is not incorporated in Part VII of the F.R.B.P. and therefore, is not applicable to an adversary proceeding. It is clear that F.R.B.P. 9017 makes Rule 43 applicable to proceedings in cases filed under the Code, and, by implication, would also apply to adversary proceedings. However, even though this Rule is arguably applicable to adversary proceedings, the plain language of the Rule indicates without any doubt that it is not applicable to Motions For Summary Judgment. This is so because the Rule provides that if the Motion is based on facts which are not part of the record it may be appropriate to hear the matter on affidavits or the court may direct that the matter be heard by oral testimony and on depositions.

■ In the present instance, the Debtors' Motion was solely based on facts as

they appear from the record which, according to the Debtors, are without dispute. To introduce new facts by deposition or live testimony in order to supplement the record in a Motion For Summary Judgment will be, in fact, a new motion based on a different record if additional affidavits and depositions are submitted for consideration and, to the extent this Court is willing to receive live testimony, this would be contrary to the very purpose of the Summary Judgment Rule which was designed to eliminate the need for trial if the controversy could be resolved on the cold record without testimony of witnesses. Thus, it is evident that even if Fed.R.Civ.Pro. 43(e) applies to proceedings in bankruptcy, it is not applicable in the present instance. In sum, this Court is satisfied that the request of the Debtors to reopen the record in order to receive live testimony is without merit and should be denied.

One last comment is in Order. As noted earlier, Celotex is itself a Debtor involved in a Chapter 11 case, and the automatic stay in that Chapter 11 case was modified only to the limited extent to permit the Debtors to file and to argue the Motion For Summary Judgment. Since this Court concluded that this controversy, i.e., the veil piercing issue, cannot be resolved by summary judgment, Celotex is not in a position to proceed any further in this adversary proceeding unless the Debtors or other parties of interest, including the Asbestos Claimants, obtain further modification of the adversary proceeding from the Judge in charge of the Chapter 11 case of Celotex.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion For An Order Reopening The Record To Make Additional Findings Of Fact And To Amend the Order On Motion for Summary Judgment is hereby denied.

DONE AND ORDERED.